**BLUE CROSS AND BLUE SHIELD OF NEW JERSEY, INC., et al., Plaintiffs,**

v.

**PHILIP MORRIS, INCORPORATED, et al., Defendants.**

**No. 98 CV 3287 JBW.**

United States District Court, E.D. New York.

April 11, 2001.

Dewey Ballantine LLP, by Paul J. Bschorr, Vincent R. FitzPatrick, Jr., Jack E. Pace III, Paul B. Carberry, Robert J. Morrow, New York City, Dewey Ballantine LLP, by Martha J. Talley, Washington, DC, for Plaintiffs Blue Cross, et al.

Arnold & Porter, by Murray R. Garnick, Washington, DC, Sedgwick, Detert, Moran & Arnold, by Kevin J. Dunne, San Francisco, CA, Sedgwick, Detert, Moran & Arnold, by James T. Conlon, New York City, for Defendant Philip Morris, Incorporated.

Sedgwick, Detert, Moran & Arnold, by David M. Covey, New York City, Kirkland & Ellis, by Kenneth N. Bass, Washington, DC, for Defendant Brown & Williamson Tobacco Corporation.

Greenberg Traurig, LLP, by Alan Mansfield, New York City, Shook, Hardy & Bacon, LLP, by Gary R. Long, Kansas City, MO, for Defendants Lorillard Tobacco Company, Lorillard, Inc.

Debevoise & Plimpton, by Steven Klugman, New York City, for Defendant Council for Tobacco Research, U.S.A., Inc.

Jacob, Medinger & Finnegan, LLP, by Barry S. Schaevitz, New York City, for Defendant Smokeless Tobacco Council, Inc.

Womble, Carlyle, Sandridge, & Rice, PLLC, by R. Dal Burton, Atlanta, GA, for Defendants R.J. Reynolds Tobacco Co., and RJR Nabisco, Inc.

Chadbourne & Parke LLP, by Thomas J. McCormack, New York City, for Defendant British American Tobacco (Investments) Limited (formerly known as British-American Tobacco Company Limited).

Simpson Thacher & Bartlett, by Joseph McLaughlin, New York City, for Defendant BAT Industries P.L.C.

Davis & Gilbert, LLP, by Bruce M. Ginsberg, New York City, for Defendant Hill & Knowlton, Inc.

Kasowitz, Benson, Torres & Friedman LLP, by Michael M. Fay, New York City, for Defendants Liggest Group Inc., Liggest & Myers, Inc., and Brooke Group Ltd.

Seward & Kissel, by Anthony R. Mansfield, New York City, for Defendant The Tobacco Institute, Inc.

### *MEMORANDUM & ORDER*

WEINSTEIN, Senior District Judge.

In the trial of Empire's claim that fraud of defendants damaged it, defendants object to the admission of Dr. Jon Krosnick's third expert report. Dr. Krosnick will offer critical testimony on the extra medical expenses

incurred because of smoker-clients' diseases which would have been avoided in the absence of fraud by defendants. *See Blue Cross v. Philip Morris,* 113 F.Supp.2d 345 (E.D.N.Y.2000); *see also Simon v. Philip Morris,* 124 F.Supp.2d 46 (E.D.N.Y.2000) (collecting references to related opinions). The report was served on defendants on April 3, 2001, during the course of the trial. Dr. Krosnick will testify in a few days. Defendants contend that the new report and testimony predicated upon it would be unduly burdensome at this stage of the trial. (Letter from Peter K. Bleakley, defense counsel, April 5, 2001, at 2). Defendants contend that because Dr. Krosnick presents different survey data, constructs new statistical models based on preexisting data, and stratifies existing data in entirely new ways in his latest report, defendants and their experts will be required to divert a significant and unforeseen amount of time and resources during trial to craft an adequate response. *Id.,* at 1, 2.

Defendants' motion is denied to accommodate the scientific process seeking truth. In recognition of the constraints of the adversarial system, however, the court will deliver a limiting jury instruction with respect to Dr. Krosnick's testimony.

In January and February of 2001, Dr. Krosnick submitted expert reports setting forth his opinions regarding the impact of the conduct of defendants on the knowledge and smoking behavior of Americans, and, in particular, subscribers of Empire's insurance plans. *See* supplemental disclosure of Dr. Jon Krosnick ¶ 1. As a result of questioning at his deposition on March 12, 2001, as well as reports recently submitted by opposing experts, Nancy A. Mathiowetz, Donald B. Rubin, W. Kip Viscusi and William E. Wecker, Dr. Krosnick reviewed his original opinions. *Id.* Defendants' styling of the supplemental report as "break[ing] entirely new ground," (Letter from Peter K. Bleakley, defense counsel, of April 5, 2001, at 1) is somewhat overstated. Nevertheless, the details supporting Dr. Krosnick's reanalysis and ultimate reconfirmation of his earlier opinions have changed appreciably. *See* Record of trial at 1057.

The rules of science require scientists to revisit and modify their conclusions when they are challenged, without respect to most time constraints. *See, e.g.,* Federal Judicial Center, Reference Manual on Scientific Evidence 81 (2d ed. 2000) ("Beyond the meaning of certain key words, science and law differ fundamentally in their objectives.... In the scientific search for truth there are no time limits and no point at which a final decision must be made."); American Academy of Sciences, Committee on Science, Engineering, and Public Policy, On Being a Scientist: Responsible Conduct in Research 3 (National Academy Press ed., 1995) ("[S]cience is inherently a social enterprise ... [w]ith few exceptions, scientific research cannot be done without drawing on the work of others or collaborating with others.... This ongoing process of review and revision is critically important.").

In contrast, the adversarial system subjects the disclosure of expert testimony to sharply delineated time sequences. *See* Fed. R.Civ.P. 26(a)(2)(C) ("In the absence of other directions from the court or stipulation by the parties, the disclosures [of the bases for the expert's testimony] shall be made at least 90 days before the trial date or the date the case is to be ready for trial."); Fed.R.Civ.P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial .... [T]he deposition shall not be conducted until after the [expert's] report is provided.").

The Federal Rules of Civil Procedure provide the court with adequate maneuvering room to facilitate an expert witness' adherence to the scientific process without unduly frustrating adjudicative responsibilities. First, Federal Rule of Civil Procedure 26(b)(4)(A) does not explicitly require the expert witness to rest on a "final" report submitted before trial; the provision simply states that the disclosure of the expert's report must precede the expert's deposition. *See* Fed.R.Civ.P. 26(b)(4)(A). Rule 26(a)(2)(C), read in conjunction with the Committee notes and the text of Rule 26(a)(2)(C), which establishes a 90-day pretrial disclosure deadline "in the *absence* of other directions from the court," accords the

court discretion to balance the needs of the scientific and legal worlds. *See* Fed.R.Civ.P. 26(a)(2)(C); Fed.R.Civ.P. 26(b)(4)(A) advisory committee's notes (1970) ("The court may order further discovery, and it has ample power to regulate its timing and scope and to prevent abuse.").

■ The general purpose of establishing a pretrial sequencing of disclosure for expert testimony is to provide parties with adequate notice for purposes of effective cross-examination and an opportunity for submission of contradicting evidence-in-chief. *See* Fed. R.Civ.P. 26(b)(4) advisory committee's notes (1970) ("[E]ffective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated."). In complex cases such as the instant one, where the trial will last for months, the court has time to ensure that the opposing parties will not be unduly surprised by disclosure of a supplemental expert report.

Here, the balance tips to the side of scientific accuracy and procedural flexibility. In addition to honoring the scientist's responsibility to seek truth, admitting Dr. Krosnick's supplemental report will enable the trier to get closer to the merits of the case. *See* Fed.R.Civ.P. 1 ("These rules ... shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); Fed.R.Evid. 102 ("These rules shall be construed ... to the end that the truth may be ascertained ....").

To accommodate defendants' needs as well as the scientific process, Dr. Krosnick shall be deposed at least two days before he testifies, at the plaintiff's expense. The court will instruct the jury that it may consider in connection with his credibility that the witness changed his opinion recently, thereby limiting defendants' ability to challenge his testimony by cross-examination and to obtain appropriate studies of its own experts. Defendants may recall Dr. Krosnick for further cross-examination in its own case to accord

them additional time to analyze his supplemental report.

SO ORDERED.